UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| P.K. : | |
|     Plaintiff, : | |
| : | |
| v. : | 3:13-cv-00211-WWE |
| : | |
| HARTFORD ROMAN CATHOLIC DIOCESE : | |
| CORP., : | |
|     Defendant. : | |

## MEMORANDUM OF DECISION ON DEFENDANT'S MOTION FOR RECONSIDERATION

Defendant has moved the Court to reconsider its ruling denying its motion to dismiss as to count three of plaintiff's amended complaint, arguing that controlling principles of law were overlooked.

For the following reasons, defendant's motion for reconsideration will be granted. However, the Court adheres to its previous decision denying defendant's motion to dismiss count three.

## DISCUSSION

Reconsideration will be granted only if the moving party identifies controlling decisions or data that the court overlooked and that could reasonably be expected to alter the court's decision. See Shrader v. CSX Transp. Inc., 70 F.3d 255, 257 (2d Cir. 1995). A motion for reconsideration may not be used simply to relitigate an issue that has been decided adversely to the movant. Joyce v. Semple, 2012 U.S. Dist. LEXIS 150294 (D. Conn. 2012).

After review of the caselaw relevant to respondeat superior for the alleged actions of the priest in this case, the Court finds that Connecticut precedent remains unresolved. On a motion to dismiss, this Court must construe all allegations in favor of the plaintiff. Accordingly, the Court must interpret plaintiff's claims most broadly and resolve legal ambiguities in plaintiff's favor.

## CONCLUSION

For the foregoing reasons, defendant's motion for reconsideration [Doc. #83] is GRANTED. However, the Court adheres to its previous decision denying defendant's motion to dismiss count three.

Dated this 30th day of September, at Bridgeport, Connecticut.

                /s/Warren W. Eginton
              WARREN W. EGINTON
              SENIOR UNITED STATES DISTRICT JUDGE